IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | No. 14 C 4329 |
| ) | |
| v. ) | Maria Valdez |
| ) | Magistrate Judge |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Claimant Melissa Crawford ("Claimant") seeks review of the final decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), denying Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

## PROCEDURAL HISTORY

On June 22, 2011, Claimant filed an application for SSI, alleging a disability onset date of May 11, 2011. (R. 192-98.) The claim was denied initially on August

---

[1] Nancy A. Berryhill is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

24, 2011, and upon reconsideration on December 13, 2011. (R. 77-78.) On December 23, 2011, Claimant requested a hearing before an Administrative Law Judge ("ALJ") (R. 93-94), which was held on November 19, 2012. (R. 26-76.) At that hearing, Claimant, who was represented by counsel, appeared and testified. (*Id.*) A vocational expert ("VE") and medical expert ("ME") also appeared and testified. (*Id.*)

On March 14, 2013, the ALJ issued a written decision. (R. 8-21.) In the decision, the ALJ went through the five-step sequential evaluation process and ultimately found Claimant not disabled under the Act. (R. 21.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since June 22, 2011, the application date. (R. 13.) At step two, the ALJ found that Claimant had the severe impairments of laceration of the right hand and finger, and obesity. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.*)

Before step four, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work. (R. 14.) The ALJ also found that Claimant's RFC was further limited to lifting/carrying up to twenty pounds occasionally and ten pounds frequently; standing/walking six hours in an eight hour workday; and sitting about six hours in an eight hour workday. (*Id.*) Claimant can use her fourth and fifth digits of her right hand only occasionally for fine and gross manipulations and fingering; no limitation in the use of her thumb or second and third digits on

2

her right hand; and can still push or pull only occasionally with the right upper extremity. Claimant has not limitations in her left upper extremity, is right hand dominant, and has no other limitations. (*Id.*) At step four, the ALJ concluded that Claimant was capable of performing her past relevant work. (R. 19.) Finally, at step five, the ALJ found that there were additional jobs that existed in significant numbers in the national economy that Claimant could perform. (R. 19-20.) Specifically, the ALJ found that Claimant could work as an usher, self-serve sales attendant, or cashier. (R. 20.) Because of this determination, the ALJ found that Claimant was not disabled under the Act. (R. 21)

## **STANDARD OF REVIEW**

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not

"build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms,* 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g)

## **DISCUSSION**

Claimant asserts that the ALJ made a series of errors weighing the medical opinion evidence. First, Claimant argues that the ALJ erred by adopting and assigning great weight to the opinion of the testifying ME, Dr. Ernest Mond, M.D., in support of Claimant's RFC. Second, Claimant argues that the ALJ failed to evaluate or weigh the disability statement of orthopedic surgeon, Dr. Brian Chilelli,

4

M.D. Lastly, Claimant argues that the ALJ failed to adequately weigh the opinions of treating physician Dr. Robert Wysocki, M.D. and treating nurse, Ms. Mary McLean, APN, using the regulatory factors set forth in 20 C.F.R. § 416.927(c).

Claimant first asserts that the ALJ made a series of errors weighing the medical opinion evidence, including adopting and assigning great weight to the opinion of ME Dr. Mond in support of the RFC determination. Claimant contends that the ALJ's rationale for assigning the ME's opinion great weight was contradicted the testimonial evidence at the hearing because Dr. Mond explicitly did not give an opinion on the updated medical records and Claimant's condition. The Commissioner concedes that Dr. Mond could not give an opinion related to the operative reports he obtained the day of the administrative hearing because he was not an orthopedic surgeon and was unfamiliar with the tendons operated on. However, the Commissioner contends that Dr. Mond gave an opinion regarding Claimant's limitations based on the evidence as a whole and the results of a physical examination performed by state agency consultant, Dr. Liana G. Palacci, D.O. (*Id.*) The Commissioner's arguments are illogical and unpersuasive for several reasons.

First, the Commissioner concedes that Dr. Mond did not give an opinion based on the operative reports but then asserts that Dr. Mond's opinion was based on the evidence as a whole. If Dr. Mond did not evaluate the operative reports, and had limited knowledge about the tendons that were operated on and the effects of surgery, then he did not base his opinion on the complete medical record. Dr. Mond

testified that his opinion regarding Claimant's manipulative limitations was based on a July 2011 consultative examination, which was performed one month after the initial surgery, but before two subsequent surgeries performed by Dr. Wysocki. SSR 96-6p provides that

> the opinion of a State agency medical or psychological consultant may be entitled to greater weight than a treating source's medical opinion if the State agency medical or psychological consultant's opinion is based on a review of a **complete case record** that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source.

SSR 96-6p (emphasis added).

In addition, the record suggests that Claimant's hand impairment and symptoms continued or progressed as evidenced by the two subsequent surgeries and ongoing physical therapy. Without the assistance of an ME or consultative opinion based on the complete medical record, the ALJ could not evaluate how Claimant's alleged swelling, pain, or subsequent surgeries impacted her other three fingers or hand as a whole, and therefore he could not properly assess Claimant's RFC. The ALJ had a duty to fully develop the record before drawing any conclusions. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *see Chase v. Astrue*, 458 F. App'x 553, 557 (7th Cir. 2012) (unpublished opinion). An ALJ may not "play doctor" by using his own lay opinions to fill evidentiary gaps in the record. Furthermore, the ALJ should not have rejected Dr. Wysocki's RFC opinion without a contradictory opinion that assessed Claimant's RFC or at the very least an updated opinion assessing Claimant's use of her thumb, index, and middle finger.

*See Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 702 (7th Cir. 2009) (holding that determinations must be based on testimony and medical evidence in the record). The Court does not intend to suggest that Claimant is disabled or meets or equals a particular listing. However, the ALJ's analysis failed to build a logical bridge from the facts to the conclusion that Claimant's RFC was not as limited as Dr. Wysocki opined.

Next, Claimant argues that the ALJ failed to evaluate or weigh the disability statement of Dr. Brian Chilelli, M.D. An ALJ is required to evaluate every medical opinion in the record. 20 C.F.R. § 416.927(c). The ALJ noted that Dr. Chilleli provided an opinion dated March 20, 2012, which indicated that Claimant was unable to work from March 20, 2012, until a date to be determined, due to her right ring finger chronic flexor tendon laceration and stage one hunter rod reconstruction. (R. 18.) Although the ALJ did not specifically list the reasons why he rejected this opinion, the Court concludes that any error was harmless. Dr. Chilelli was the assistant surgeon during the March 20, 2012 Phase I Hunter-Rod Reconstruction surgery, which was performed by Dr. Wysocki. Dr. Chilelli's opinion about Claimant's ability to work provided no more insight or evidence about Claimant's impairments or RFC than did Dr. Wysocki's opinion.

Finally, Claimant argues that the ALJ failed to adequately weigh the opinions of treating physician Dr. Robert Wysocki, M.D. and treating nurse, Ms. Mary McLean, APN, because the ALJ failed to consider the regulatory factors in 20

C.F.R. § 416.927(c). The Commissioner responds that the ALJ provided sufficient reasons for rejecting Dr. Wysocki's opinion.

An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 416.927(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ cannot simply disregard it without further analysis. *Campbell v. Astrue*, 627 F.3d 299, 308 (7th Cir. 2010.) Instead, the ALJ must still determine what value the assessment does merit. 20 C.F.R. § 416.927 (c); *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature, and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

The ALJ gave limited weight to the October 17, 2011 Dexterity Questionnaire opinion of Dr. Wysocki and Nurse McLean because "it [was] undated," and there was no basis in the record that Claimant could never grasp/handle or finger with her right hand. (R. 18.) The ALJ also opined that it was hard to accept the opinion that Claimant had zero ability to grasp/handle or finger, when she had three unimpaired digits, including her thumb. (*Id.*) However, the ALJ failed to evaluate the opinion of Dr. Wysocki and Nurse McLean, as well as Dr. Wysocki's subsequent opinions, using the regulatory factors set forth in 20 C.F.R. §

8

416.927(c). While the ALJ does note that Dr. Wysocki was Claimant's treating physician, he did not appear to consider that Dr. Wysocki had been treating Claimant for her hand at the very least since June 7, 2011. (R. 301.) The ALJ also failed to note or mention that Dr. Wysocki had examined Claimant at least five times during the period at issue. (R. 376-77, 379-80, 415.) Additionally, the ALJ did not expressly consider that Dr. Wysocki is an orthopedic surgeon specializing in hands, and that his assessment of Claimant's condition was based on his expertise. (R. 378.) The ALJ also did not explore that Dr. Wysocki's opinions were consistent with Claimant having Hunter Rod Reconstruction surgery; the ALJ disregarded Dr. Wysocki's opinions because it was "hard to accept the opinion that [Claimant] had zero ability to grasp/handle or finger," but Dr. Wysocki's opinions are not inconsistent with the other medical evidence in the record. The ALJ even admitted that on August 15, 2011, Claimant was treated at Holy Cross Hospital for decreased sensation in her right hand, the inability to flex her right index finger, and numbness in the fourth and fifth fingers of her right hand. (R. 16.) Thus, the ALJ failed to support his findings with substantial evidence.

## CONCLUSION

For the reasons set forth above, Claimant's motion for summary judgment [Doc. No. 13] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

SO ORDERED.   ENTERED:

DATE:   April 11, 2017   _____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**